# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09-CR-00015-R

**UNITED STATES OF AMERICA**  PLAINTIFF

**v.**

**RODNEY EDWARD MOORE, et al.**  DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant Rodney Edward Moore's Motion to Exclude Certain Evidence Disclosed by the United States (DN 590). This Court has reviewed the record before it and need not wait for Government's response. This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED.

## BACKGROUND

Defendant Rodney Edward Moore was arrested following a lengthy investigation by the Drug Enforcement Administration (DEA) and local law enforcement officers into the sale of crack cocaine in Hopkinsville, Kentucky. He is accused of conspiracy to possess and distribute fifty grams or more of crack cocaine (violation of 21 U.S.C. §§ 841(b)(1)(A), 846) and knowingly possessing a handgun having already been convicted of a felony (violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)). This matter is set for trial on December 13, 2010. In this motion, Moore seeks to exclude from evidence his prior criminal activities and his past felony convictions.

**ANALYSIS**

Moore avers that his past criminal activity and prior felony convictions should be excluded from evidence under Federal Rule of Evidence 404(b). Moore agrees that should he testify, Government "may inquire whether he is a convicted felon." DN 590 at 1. He also admits that Government may use his past felony convictions to prove the necessary elements of Count 4 of the Indictment, possession of a firearm by a convicted felon. However, Moore objects to the proposition that Government may inform the jury of the nature of his past convictions. He further sets forth that evidence of his prior bad acts do not fit within Rule 404(b) and therefore should only be introduced if Moore testifies that he has never been involved in selling drugs or is ignorant of drug trafficking. Finally, Moore charges that as the United States has failed to notify him of whether it intends to use any evidence under Rule 404(b), and on that basis alone, exclusion is proper.

> Under Rule 404(b),
>
> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). However the government must provide "reasonable notice in advance of trial" of their intention to use evidence under Rule 404(b). *Id*. A district court "has the discretion to determine reasonableness under the circumstances." *United States v. Barnes*, 49 F.3d 1144, 1147 (6th Cir. 1995). The Advisory Committee notes to Rule 404(b) explain that it "'is intended to reduce surprise and promote early resolution on the issue of admissibility.'" *Id.* (quoting Fed. R. Evid. 404(b) advisory committee's note (1991 amendment)).

The Court's scheduling order stated that all evidence to be offered under Rule 404(b) be noticed to defendants three weeks prior to trial. DN 537. Considering that the date for the timely disclosure of Rule 404(b) evidence has passed and that the trial is scheduled to commence on December 13, 2010, Moore's motion is proper. Moore would have an insufficient amount of time to challenge such evidence before the start of trial. Accordingly, the Court grants Defendant's motion and precludes Government from admitting his past felony convictions and prior bad acts as Rule 404(b) evidence at trial. This ruling does not however preclude Government from offering Moores's past convictions and prior bad acts at trial for other appropriate evidentiary purposes.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion (DN 590) is GRANTED.