UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION    '11 JAN 18 P8:07
CRIMINAL ACTION NO. 5:09-CR-00015-TBR

U.S. DISTRICT COURT
WESTN DIST KENTUCKY

UNITED STATES OF AMERICA
v.
JAMES LaMONTE DUNBAR,
DWAYNE MICHAEL JOSEPH, JR.,
and RODNEY EDWARD MOORE

# JURY INSTRUCTIONS

1

# INSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendants are accused of committing.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendants' guilt beyond a reasonable doubt. It is my job to instruct you about the law and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the defendants have pled not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that the Government tells a defendant what crimes he is accused of committing. It does not even raise a suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with a defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a defendant is guilty and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

# INSTRUCTION NO. 4

## Count 1 - Conspiracy to Knowingly and Intentionally Distribute or Possess with the Intent to Distribute Fifty (50) grams or more of a Mixture and Substance Containing a Cocaine Base

Count One of the Indictment charges Defendants James LaMonte Dunbar, Dwayne Michael Joseph Jr., and Rodney Edward Moore of conspiracy to knowingly and intentionally distribute or possess with the intent to distribute fifty (50) grams or more of a mixture and substance containing a cocaine base, also known as crack cocaine, in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendants guilty of the conspiracy charge, the Government must prove each of the following elements beyond a reasonable doubt:

1) That two or more persons conspired, or agreed, to knowingly and intentionally distribute or possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing cocaine base, also known as crack cocaine.

2) And, that the defendant knowingly and voluntarily joined in the conspiracy.

You must be convinced that the Government has proved all of these elements beyond a reasonable doubt in order to find a defendant guilty of the conspiracy charge.

5

## INSTRUCTION NO. 5

### Conspiracy - Agreement

With regard to the first element – a criminal agreement – the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to knowingly and intentionally distribute or possess with intent to distribute fifty (50) grams or more of a mixture and substance containing a cocaine base, also known as crack cocaine.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the Government has proved an agreement. But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to knowingly and intentionally distribute or possess with intent to distribute fifty (50) grams or more of a mixture and substance containing a cocaine base, also known as crack cocaine. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

# INSTRUCTION NO. 6

## Conspiracy - Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

7

## INSTRUCTION NO. 7

### Conspiracy - Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 8

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 9

### Punishment

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 10

## Defendant's Election Not to Testify

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

# INSTRUCTION NO. 11

## Evidence

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under an oath, the exhibits, and the stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 12

### Weighing the Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

# INSTRUCTION NO. 13

## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

You have heard the testimony of Demetrius C. Williams, Perry M. Redd, Alvin W. Quarles, Ronnie G. Whaley, Lartavious M. Banks, Charles E. Jones, and Rashawn Johnson. You have also heard that the Government has promised that it will consider to make a motion for a reduced sentence in exchange for their truthful cooperation.

It is permissible for the Government to make such a promise. But you should consider their testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the Government's promise.

Do not convict the defendant based on the unsupported testimony of these witnesses, standing alone, unless you believe their testimony beyond a reasonable doubt.

**INSTRUCTION NO. 14**

**Testimony of a Paid Informant**

You have heard the testimony of Rashawn Johnson. You have also heard that he received money from the Government in exchange for providing information.

The use of paid informants is common and permissible. But you should consider Mr. Johnson's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by what the Government gave him.

Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

# INSTRUCTION NO. 15

## Witness with Prior Conviction

You have heard the testimony of Demetrius C. Williams, Perry M. Redd, Alvin W. Quarles, Ronnie G. Whaley, Charles E. Jones, Rashawn Johnson, and Trey Galbreath. You have also heard that before this trial they were all convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. Their convictions are not evidence of anything else.

## INSTRUCTION NO. 16

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 17

### Multiple Defendants Charged With A Single Crime

The defendants have all been charged with one crime. But in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each one of them. For each defendant, you must decided whether the Government has presented evidence proving that particular defendant guilty beyond a reasonable doubt.

Your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on any other defendants.

## INSTRUCTION NO. 18

### Transcriptions of Tape Recordings

You have heard some tape recordings that were received in evidence and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

# INSTRUCTION NO. 19

## Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 20

### Notes Taken During Trial

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 21

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 22

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say and then decide for yourself if the Government has proved the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 23

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendants guilty beyond a reasonable doubt.